UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELECTROLUX HOME PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BUYRITE APPLIANCES, LLC, d/b/a BUYRITEAPPLIANCES.COM<br><br>Defendant. | Case No. 14-cv-2461 |

## COMPLAINT AND JURY DEMAND

Plaintiff, Electrolux Home Products, Inc. (the "Plaintiff" or "Electrolux"), brings this Complaint for a permanent injunction, monetary damages and further relief against defendant, BuyRite Appliances, LLC d/b/a buyriteappliances.com (hereinafter, the "Defendant" or "Buy Rite"), under the laws of the United States and the State of New York.  Plaintiff alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

### NATURE OF THIS ACTION

1.  This is an action for copyright infringement, trademark infringement, tortious interference, unjust enrichment and for deceptive business practices.  As described more fully below, Defendant knowingly continues to infringe upon Electrolux's intellectual property rights by improperly using Electrolux's copyrights on its website.  Further, Defendant has improperly used Electrolux's trademarks on its website in an improper effort to affiliate itself

with Electrolux and trade off the goodwill associated with its marks. Finally, Defendant induces Electrolux Authorized Dealers to provide Buy Rite with Electrolux products with full knowledge that the dealers are contractually prohibited from selling to the Defendant through their contracts with Electrolux. These actions constitute tortious interference with contract, as well as unjust enrichment.

2. As a result of Defendant's actions, Electrolux is suffering a loss of the value of its copyrights, the vast goodwill Electrolux has created in its trademarks, and is losing profits from lost sales of properly distributed products. Further, Defendant's actions are misleading to consumers. This action seeks permanent injunctive relief and damages for Defendant's acts of infringement, tortious interference, and unfair competition as stated herein. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce irreparable injury to Electrolux.

## JURISDICTION AND VENUE

3. This Court has exclusive jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Copyright and Trademark Laws of the United States. This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. §1332, because the parties are diverse and the amount in controversy is greater than $75,000.

4. This Court has personal jurisdiction in the State of New York as Defendant Buy Rite is a New York corporation with its principal place of business in Brooklyn, NY.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because some of the Defendant's wrongful acts involved the offering for sale and sale of products that infringe

on Electrolux's trademarks and because Defendant has a principal place of business in the State of New York.

## PARTIES

6. Plaintiff Electrolux is a Delaware corporation with a principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina. Electrolux designs, manufactures, and sells a variety of household and cooking products. Electrolux has numerous brands including Frigidaire. Electrolux is a leading innovator in its field. Electrolux sells products directly and through a network of authorized resellers.

7. Upon information and belief, Defendant Buy Rite is a New York limited liability company with its principal place of business located at 1998 Coney Island Avenue, Brooklyn, NY 11223. Buy Rite markets and sells products on an online website, buyriteappliances.com. (the "Website"), through which all its now known unlawful and infringing activities have been conducted.

## BACKGROUND

8. Electrolux is a world renowned manufacturer of high quality, premium performance household and cooking products. Its household and cooking products are manufactured, marketed and sold under numerous federally registered trademark marks (the "Electrolux Marks") including the FRIGIDAIRE® mark. The Electrolux family of products provide consumers with the exceptional household and cooking products that have come to be expected from Electrolux.

9. Electrolux sells products directly and through its network of Authorized Electrolux Dealers. Electrolux has and continues to designate significant resources to develop and maintain its products' national and international image.

10. Through this market of Authorized Electrolux Dealers, Electrolux has fostered a recognized image of quality and customer support.

11. All Authorized Electrolux Dealers are required to execute a Dealer Agreement whereby they agree in the manner in which they must promote and sell Electrolux products in order to maintain and foster Electrolux brand equity.

## DEFENDANT'S MISCONDUCT

12. Despite having no authority to do so and numerous warnings, Buy Rite continues to use Electrolux's copyrighted material on its website.

13. Despite having no authority to do so and numerous warnings, Buy Rite has, at different points in time, used Electrolux's Trademarks on its website.

14. Despite warnings from Electrolux, Buy Rite continues to infringe upon Electrolux's intellectual property rights, and obtains and sells Electrolux products to sell on its Website.

## SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT

15. Defendant's actions substantially harm Electrolux by depriving Electrolux of the opportunity to earn profits from the sales of Electrolux authorized dealers.

16. Defendant's actions substantially harm Electrolux and consumers who ultimately purchase Electrolux products from the Defendant.

17. Defendant's unauthorized use of the Electrolux trademarks and copyrights creates an appearance to consumers that Defendant is an authorized seller.

## COUNT I
## INFRINGMENT OF ELECTROLUX'S COPYRIGHTS

18. Electrolux hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

19. Electrolux has created certain originals works used to advertise and promote its products and brand.

20. Electrolux has registered these copyrighted works with the United States Copyright Office.

21. These works bear registration numbers TX 7-812-523.

22. Defendant is using these registered copyrights to sell, advertise, and promote its products without the permission of Electrolux.

23. By reason of the foregoing, Electrolux has been, and will continue to be, irreparably harmed and damaged by the Defendant's conduct, unless such conduct is enjoined by this Court.

## COUNT II
## VIOLATION OF ELECTROLUX'S COMMON LAW AND
## FEDERAL TRADEMARK RIGHTS

24. Electrolux hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25. Through use of the Electrolux Marks, Electrolux has developed a tremendous amount of goodwill in the minds of the consuming public.

26. Electrolux is the sole and exclusive owner of the federally registered Electrolux Marks, which are in several registrations on the U.S. Patent and Trademark Office's ("PTO") Principal Register.  Electrolux has continuously used the Electrolux Marks.

27. Electrolux owns the following federal trademark and service mark registrations, which are relevant to this action:

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 4347200 | 6/4/13 | FRIGIDAIRE | Electric appliances |
| 3920361 | 2/15/11 | FRIGIDAIRE | Washing machines and electric appliances |
| 29990084 | 8/30/05 | **FRIGIDAIRE** | Cooking equipment |

Said registrations are in full force and effect, and these marks are incontestable pursuant to 15 U.S.C. § 1065.

28. The Electrolux Marks are well-known, famous, inherently distinctive and/or have acquired distinctiveness long prior to any use by Defendant. The goodwill associated with the Electrolux Marks is a valuable asset, and Electrolux has expended great effort and considerable resources in the promoting and advertising of its goods and services under the Electrolux Marks.

29. As a result of this widespread and continuous use, the Electrolux Marks have become widely associated with Electrolux, identify Electrolux as the source of the goods and services sold, and represents the valuable goodwill of Electrolux among members of the consuming public. The goodwill associated with the Electrolux Marks is a valuable asset that

provides Electrolux the long term ability to compete in the household and cooking product market.

30. Defendant has, without permission, used the Electrolux Marks on its Website.

31. The use of the Electrolux Marks on the Website creates confusion and causes consumers to believe that Defendant is an authorized dealer or otherwise affiliated with Electrolux.

32. By reason of the foregoing, Electrolux has been irreparably harmed and damaged by the Defendant's conduct.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACT / ADVANTAGEOUS ECONOMIC RELATIONSHIP

33. Electrolux hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

34. Electrolux sent Defendant a letter informing Defendant of Electrolux's network of authorized dealers and that authorized dealers are prohibited from selling Electrolux products to unauthorized dealers.

35. Defendant is aware that Electrolux has an agreement with its authorized dealers which prohibits them from selling Electrolux products to unauthorized dealers.

36. Defendant is aware of Electrolux's network of authorized dealers and that authorized dealers are prohibited from selling Electrolux products to unauthorized dealers.

37. Defendant is interfering with these agreements by inducing Authorized Electrolux Dealers to breach their agreement with Electrolux by selling Electrolux products to Defendant.

38. As Defendant has been on notice of Electrolux's contracts, Defendant's actions are willful and designed to be an improper means of competition.

39. As Defendant has been on notice of Electrolux's contracts, Defendant's actions are willful and designed to tortiously interfere with Electrolux's contracts with its network of authorized dealers.

40. By reason of the foregoing, Electrolux has been, and will continue to be irreparably harmed and damaged by Defendant's interfering conduct, unless such conduct is enjoined by this Court.

41. By reason of the foregoing interference, Electrolux has incurred actual damages and Defendant has been unjustly enriched.

## COUNT IV
## UNJUST ENRICHMENT

42. Electrolux realleges and incorporates by reference each of the previous allegations of the Complaint as set forth above.

43. Defendant's unlawful and willful use of the Electrolux's copyrighted works and the Electrolux Marks in connection with their advertising and sale of products constitutes unjust enrichment under the common law of the State of New York.

44. Defendant's acts cause Electrolux to suffer irreparable harm. Electrolux has no adequate remedy at law and has incurred actual damages.

## RELIEF REQUESTED

WHEREFORE, Electrolux prays for judgment in its favor and against the Defendant providing the following relief:

A. Enter judgment in favor of Electrolux on the counts asserted herein and award damages on each of the counts including special and statutory damages under the Lanham Act and Copyright Act;

B. Award Electrolux the costs incurred in bringing this action;

C. Award Electrolux Treble Damages under Lanham Act and Copyright Act;

D. Enter a permanent injunction restraining and enjoining Defendant and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Buy Rite (or their agents) from infringing on Electrolux's intellectual property and tortuously interfering with Electrolux's agreements; and

E. All other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Electrolux hereby requests trial by jury on all claims so triable.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP,**

*/s/ David E. Fialkow*
David E. Fialkow (DF0734)
One Post Office Square, 30th Floor
Boston, MA 02109
(617) 573-4700
(617) 573-4710 (fax)
david.fialkow@nelsonmullins.com

*Attorneys for Electrolux Home Products, Inc.*