```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELECTROLUX HOME PRODUCTS, INC.,

                              Plaintiff,
                                                              MEMORANDUM & ORDER
            - against -
                                                              14-CV-2461 (ILG) (SMG)
BUYRITE APPLIANCES, LLC, D/B/A
BUYRITEAPPLIANCES.COM,

                              Defendant.
-----------------------------------------------------------x
```

GLASSER, Senior United States District Judge:

On April 17, 2014, plaintiff Electrolux Home Products, Inc. ("Electrolux") commenced this action against defendant BuyRite Appliances, LLC, d/b/a buyriteappliances.com ("BuyRite"), alleging violations of the Copyright Act, 17 U.S.C. §§ 101 et seq.; the Lanham Act, 15 U.S.C. §§ 1051 et seq.; and common law. Specifically, plaintiff claimed that BuyRite displayed Electrolux's copyrighted materials and trademarks on its web site without permission in order to sell products. BuyRite did not answer or otherwise respond to Electrolux's complaint, and the Clerk of Court noted its default on June 13, 2014 (Dkt. No. 11). Electrolux now moves for a default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, seeking injunctive relief pursuant to the Copyright and Lanham Acts, statutory damages pursuant to the Copyright Act, and an award of costs and attorney's fees. For the following reasons, that motion is GRANTED in part and DENIED in part.

## BACKGROUND

Except where otherwise noted, the following facts are taken from plaintiff's complaint, Dkt. No. 1, and are accepted as true for purposes of deciding this motion. At some point prior to this litigation, Electrolux created a web site (the "Electrolux Site")

1

that it uses to advertise and promote its products and brands online.  Electrolux eventually registered the Electrolux Site and its components (such as the images displayed there) with the United States Copyright Office ("USCO").  The USCO assigned the Electrolux Site registration number TX 7-812-523.  Electrolux also owns three federally registered trademarks (Nos. 4347200, 3920361, & 29990084) that it uses to promote the Frigidaire lines of appliances and cooking equipment (the "Electrolux Marks").

BuyRite used the Electrolux Marks and images from the Electrolux Site on its own web site to advertise Electrolux products it sold without Electrolux's permission, despite being told to cease and desist twice by Electrolux's counsel in letters dated June 11, 2013 and August 5, 2013.  See Fialkow Decl. (Dkt. No. 14), Exs. B & C.  This litigation ensued.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment: first, the clerk of court enters the party's default pursuant to Rule 55(a), and second, if the defaulting party fails to set aside the default pursuant to Rule 55(c), the plaintiff must apply for a default judgment pursuant to Rule 55(b).  See Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993)).  The plaintiff has the burden of establishing entitlement to a default judgment, which is not obtained as a matter of right.  See id. at 119 (citing, inter alia, Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  The defaulting defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, but not those pertaining to damages, which require an independent evidentiary determination.  See,

e.g., Greyhound ExhibitGroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F. 2d 61, 65 (2d Cir. 1981).

Courts must "supervise default judgments with extreme care to avoid miscarriages of justice." DeMarino Trucking, 838 F. Supp. at 162. Thus, all doubts, whether about the sufficiency of the pleadings or the calculation of damages, should be resolved in favor of the defaulting party. See Finkel, 970 F. Supp. 2d at 119 (citing Diakuhara, 10 F.3d at 95-96).

## DISCUSSION

### I. Default Judgment

In seeking a default judgment, Electrolux relies on its claims under the Copyright and Lanham Acts and abandons those made pursuant to common law. BuyRite is liable under both acts.

### A. The Copyright Act

To prove an infringement under the Copyright Act, a plaintiff must show both (1) ownership of the copyright and (2) that the defendant used the copyrighted material without permission. See Rogers v. Koons, 960 F.2d 301, 306 (2d Cir. 1992). Electrolux has satisfied both elements here. It is therefore entitled to a default judgment on its Copyright Act claim. See, e.g., Agence Fr. Presse v. Morel, 934 F. Supp. 2d 547, 558-69 (S.D.N.Y. 2013) (finding Copyright Act violations where companies re-posted copyrighted images from a social media site on their own web sites without permission), superseded on other grounds on reconsideration, 934 F. Supp. 2d 584 (S.D.N.Y. 2013); Tangorre v. Mako's, Inc., No. 01 Civ. 4430, 2003 WL 470577, at *6-8 (S.D.N.Y. Jan. 6, 2003) (finding a Copyright Act violation where a company sold a calendar featuring copyrighted images used without permission).

### B. The Lanham Act

The Lanham Act provides a "false endorsement" cause of action for a trademark holder if a person uses in commerce any word, term, name, symbol, device, or combination thereof that is likely to cause confusion or deceive as to the affiliation, connection, or association of such person with the trademark holder.  See <u>Famous Horse, Inc. v. 5th Ave. Photo, Inc.</u>, 624 F.3d 106, 109 (2d Cir. 2010) (citing 15 U.S.C. § 1125(a)(1)(A)), <u>abrogated in part on other grounds by</u> <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 572 U.S. ---, 134 S. Ct. 1377 (2014).  To prevail on such a claim, a plaintiff must show "(1) that it possesses a valid, legally protectable trademark and (2) that the [similar] mark [used by the defendant] is likely to cause confusion as to the origin or sponsorship of the product at issue."  <u>U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.</u>, 800 F. Supp. 2d 515, 524 (S.D.N.Y. 2011) (citing, inter alia, <u>Gruner + Jahr USA Publ'g v. Meredith Corp.</u>, 991 F.2d 1072, 1074 (2d Cir. 1992)).

Electrolux has satisfied both elements of this test as well.  Its registration of its three marks is prima facie evidence of its ownership of and exclusive right to use those marks.  See <u>Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.</u>, 696 F.3d 206, 224 (2d Cir. 2012).  Electrolux has also sufficiently alleged that BuyRite's use of the Electrolux Marks on its web site leads the public to believe BuyRite is an authorized Electrolux dealer when it is, in fact, not, causing confusion as to the origin or sponsorship of BuyRite's products.  See <u>Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.</u>, 604 F.2d 200, 204 (2d Cir. 1979).  Default judgment is therefore warranted on Electrolux's Lanham Act claim.

## II. Relief Sought

Electrolux seeks three remedies: injunctive relief, statutory damages, and costs. It is entitled to injunctive relief only.

### A. Injunctive Relief

Both the Copyright and Lanham Acts allow courts to grant injunctive relief as a remedy for their violations. See 15 U.S.C. § 1116; 17 U.S.C. § 502(a). In this Circuit, once a plaintiff has established liability in a copyright or trademark case, courts consider four factors in determining whether injunctive relief should issue: (1) the likelihood that the plaintiff will suffer irreparable harm in the absence of an injunction, (2) whether remedies at law (such as monetary damages) are adequate to compensate the plaintiff for that harm, (3) whether the balance of hardships tips in the plaintiff's favor, and (4) whether the public interest would be served by the issuance of an injunction. See Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010) (citing eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 390 (2006)).[1]

The first factor, irreparable harm, is automatically satisfied by Electrolux prevailing on its trademark claim, since the likelihood of confusion is itself irreparable harm. See Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 142 (2d Cir. 1997). The second factor, lack of an adequate remedy at law, is satisfied because a willingness to continue infringing a plaintiff's trademark or copyright, even in the face of substantial damages, may be inferred from a defendant's default. See Sexy Hair Concepts, LLC v. Sexy Hair Inc., No 12-CV-3937, 2013 WL 5460629, at *4 (E.D.N.Y. Sept. 30, 2013). The

---

[1] Salinger applied the test articulated in eBay (a patent case) to a copyright case, and indicated that there was "no reason that eBay would not apply with equal force to an injunction in any type of case." See 607 F.3d at 78 n.7 (emphasis in original). Given that pronouncement, courts have extended the eBay test to trademark actions as well. See, e.g., CJ Products LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 142 (E.D.N.Y. 2011); U.S. Polo Ass'n, 800 F. Supp. 2d at 539.

5

third factor, the balance of hardships, favors Electrolux because BuyRite, in failing to appear, "has not identified any hardships for the Court to consider." See Hounddog Prods., LLC v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011). As to the final factor, the public's interest is served by an injunction because "the public has an interest in not being deceived" by BuyRite's misuse of Electrolux's copyright and trademarks. See NYC Triathalon, LLC v. NYC Triathalon Club, LLC, 704 F. Supp. 2d 305, 328 (S.D.N.Y. 2010). The Court will therefore permanently enjoin BuyRite from using any of Electrolux's trademarks or copyrights.

### B. Statutory Damages

In lieu of actual damages, Electrolux seeks statutory damages for BuyRite's violation of the Copyright Act. 17 U.S.C. § 504(a) allows for such damages "[e]xcept as otherwise provided by this title." 17 U.S.C. § 412 states that, except in certain limited situations not applicable here,

> . . . no award of statutory damages, or of attorney's fees, as provided by sections 504 and 505, shall be made for--
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Although Electrolux provides the registration dates for its trademarks, it is silent on the date its copyrighted materials were first published or registered, leaving the Court with no means of determining whether Electrolux is entitled to the statutory damages that it seeks on the face of its filings. Compare Compl. ¶ 27 with id. ¶¶ 19-22. The Court, however, may take judicial notice of registrations in the USCO's public

6

catalog, and does so now. See Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) (citing Fed. R. Evid. 201(b)(2)).

USCO registration number TX 7-812-523, the sole copyright that Electrolux alleges BuyRite infringed, is annexed hereto as Appendix "1." It describes an Electrolux-owned web site—one that was published on December 12, 2013 and registered on March 19, 2014 (less than a month before this litigation commenced). Although Electrolux claims that BuyRite has been improperly using copyrighted images since at least June 10, 2013 (see Fialkow Decl., Ex. B at 2), the specific copyrighted material it alleges BuyRite misappropriated was first published by Electrolux on December 12, 2013, and Electrolux therefore cannot recover statutory damages for any infringement commenced prior to that date. See 17 U.S.C. § 412(1). Additionally, since Electrolux registered its site more than three months after it was first published, it cannot recover statutory damages for any infringement commenced after the publication date and before the date of registration. See id. § 412(2). None of the pages of BuyRite's web site that Electrolux submitted in support of this motion are dated later than January 10, 2014 (see Fialkow Decl., Ex. D), so even if the Court were to accept that as the date the infringement commenced, Electrolux could not obtain the monetary relief it seeks.

In other words, "[p]laintiff failed to register [its] copyrights . . . before the infringements occurred and therefore is not entitled to statutory damages. . . ." Fitzgerald Pub. Co. v. Baylor Pub. Co., 670 F. Supp. 1133, 1128 (E.D.N.Y. 1987). Its request for such relief is therefore denied.

### C. Costs and Fees

Electrolux, in its memorandum of law and proposed injunction, seeks "costs" and "fees" without describing the legal basis for such awards or providing the Court with any

7

records on which to base them.  See Dkt. No. 13 at 1, 4; Dkt. No. 12-1 at 1.  In any event, as noted above, Electrolux is precluded from seeking attorney's fees under the Copyright Act.  An award for other costs under that Act is a matter of the Court's discretion.  See 17 U.S.C. § 505.  Under the Lanham Act, awards for costs are also discretionary, and fees are awarded only in "exceptional cases."  See 15 U.S.C. § 1117.

Electrolux's decision to unsuccessfully seek statutory damages while failing to provide the prerequisite dates of registration and first publication of its copyrighted material moves the Court to exercise its discretion to deny the requested award for costs, and, on the whole, there is nothing to warrant the characterization of this case as "exceptional."  Accordingly, plaintiff's requests for costs and fees are denied.

## CONCLUSION

For the foregoing reasons, Electrolux's motion for default judgment is GRANTED in part and DENIED in part.  The Court will issue a permanent injunction against BuyRite, but Electrolux is not entitled to monetary relief, costs, or attorney's fees.  The Clerk of Court is directed to mail a copy of this Memorandum and Order and the accompanying permanent injunction to BuyRite's last known address, and to close this case.

SO ORDERED.

Dated:      Brooklyn, New York
            October 14, 2014

                                   _____/s/_____
                                   I. Leo Glasser
                                   Senior United States District Judge

Memorandum and Order, <u>Electrolux Home Prods., Inc. v. BuyRite Appliances, LLC</u>, No. 14-CV-2461, Dkt. No. 15 (E.D.N.Y. Oct. 14, 2014)

# APPENDIX 1

U.S. Copyright Office, Copyright No. TX 7-812-523 (registered Mar. 19, 2014) (last accessed Oct. 14, 2014)

```
Type of Work:       Computer File

Registration Number / Date:
                    TX0007812523 / 2014-03-19

Application Title: Frigidaire Home Page.

Title:              Frigidaire Home Page.

Description:        Compact disk (CD) + Print material.

Copyright Claimant:
                    Electrolux Home Products, Inc.

Date of Creation:   2013

Date of Publication:
                    2013-12-12

Nation of First Publication:
                    United States

Authorship on Application:
                    Electrolux Home Products, Inc., Employer for Hire;
                       Domicile: United States; Citizenship: United States.
                       Authorship: Text, Images, Computer Code, and
                       Compilation.

Alternative Title on Application:
                    Frigidaire.com

Pre-existing Material:
                    Third-party text, images, and data.

Names:              Electrolux Home Products, Inc.
```

===============================================================================